IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DWIGHT DAVID CORMIER | § | |
| VS. | § | CIVIL ACTION NO. 1:05cv411 |
| DOUG DRETKE | § | |

<u>MEMORANDUM OPINION REGARDING TRANSFER</u>

Petitioner Dwight David Cormier, an inmate confined at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

<u>Discussion</u>

Petitioner asserts that he has been falsely detained, arrested, tried, convicted, and sentenced to a term of 60 years imprisonment. Petitioner complains that his conviction was obtained through allegedly fraudulent, illegal and unconstitutional actions employed by Judge Jan Krocker of the 184th District Court of Harris County, Texas, and involved parties.

Pursuant to 28 U.S.C. § 2241(d), a petitioner may bring his petition for writ of habeas corpus in the district court for the district wherein such person is in custody or in the district court

for the district within which he was convicted. Section 2241(d) further provides that the district court in the exercise of its discretion may transfer the action to the other district in the furtherance of justice.

Petitioner was convicted and sentenced in Harris County which is located in the Houston Division of the Southern District of Texas. Petitioner is confined in the Polunsky Unit in Polk County which is located within the jurisdictional boundaries of the Lufkin Division of the Eastern District of Texas. Thus, jurisdiction is proper in the Eastern District of Texas.

While jurisdiction is proper in the Eastern District of Texas because the prisoner is confined within the territorial boundaries of the Eastern District, the court has considered the circumstances and has determined that the interest of justice would best be served if this petition were transferred to the division in which the petitioner was convicted.

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989). Therefore, it is the opinion of the undersigned that this petition should be transferred to the United States District Court for the Southern District of Texas, Houston Division. An Order of Transfer so

providing shall be entered in accordance with this Memorandum Order.

**SIGNED** this __28__ day of _____June_____, 2005.

*[signature]*
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE